**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

JAMIE L. MILLER                                                  PLAINTIFF

V.                                CIVIL ACTION NO.: 1:15CV14-SA-JMV

COUNTY OF CHOCTAW,
SHERIFF CLOYD HALFORD, and
PEGGY R. MILLER                                          DEFENDANTS

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, inmate no. 124687, proceeding *pro se* and *in forma pauperis*, filed this complaint pursuant to 42 U.S.C. § 1983, challenging the Defendants' allegedly unlawful seizure of his personal property and removal of funds from his inmate account to cover allegedly illegal court costs. In his complaint, Plaintiff admits that he has failed to exhaust his administrative remedies with respect to the claims he seeks to bring in this § 1983 action, claiming that his complaints are not issues of institutional concern.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). The Fifth Circuit takes a strict approach to the exhaustion requirement of the PLRA. *See, e.g., Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). It is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process.

*See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

It is clear from the face of the complaint that Plaintiff has failed to submit his grievances for administrative exhaustion, and this suit, therefore, should be dismissed. *See, e.g., Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (finding that complaint is subject to dismissal for failure to state a claim where failure to exhaust is apparent from the face of the complaint); *see also Dillon v. Rogers*, 596 F.3d 260, 272 n.3 (5th Cir. 2010).

Accordingly, the Court **ORDERS**:

That the instant complaint is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to exhaust his administrative remedies prior to filing the instant suit. A final judgment consistent with this order will issue today.

**THIS** the 10th day of February, 2015.

       /s/ **Sharion Aycock**
       **U.S. DISTRICT JUDGE**